IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES TAP LIA, CHUOLJOCK TAP LIA, NYAPAIN LIA, NYAGAI LIA, and NYAWAI TUT, | ) ) ) ) | 4:07CV3104 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| UNKNOWN ASHFORD, Judge, BRENDA LEUCK, State Prosecutor, and OMAHA POLICE DEPARTMENT, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 16, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.     SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on April 16, 2007 against Defendants, who are all employed by either the State of Nebraska or Douglas County, Nebraska. (Filing No. 1 at CM/ECF p. 4.) Plaintiff does not specify in which capacity these individuals are sued.

Condensed and summarized, Plaintiff alleges that on April 27, 2001, he was "interrogate[d] without an attorney being present." (*Id.* at CM/ECF p. 5.) He was told that he was being charged with "sexual assault and escape." (*Id.*) Plaintiff alleges that Defendant Brenda Leuck was Plaintiff's attorney and she "was forcing

[Plaintiff] to take a deal." (*Id.* at CM/ECF pp. 5-6.) Plaintiff requested a change in counsel, but Defendant Judge Ashford did not permit Plaintiff to change attorneys. (*Id.* at CM/ECF p. 6.) Plaintiff further alleges that the Omaha Police Department "lied" throughout the investigation of the charges against him. (*Id.*)

Plaintiff states that he "is not a criminal" and that he "came to the United States as a refugee." (*Id.* at CM/ECF p. 7.) Plaintiff requests that the court "take [him] back to [his] country." (*Id.*)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Plaintiff's claims relate to the investigation underlying his confinement and his Sixth Amendment right to counsel in that proceeding. The claims necessarily implicate the validity of his incarceration. In addition, the relief sought by Plaintiff is an order from this court that he be released from prison and returned to his country. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint is dismissed without prejudice to reassertion in accordance with this memorandum and order.

2.     The Clerk of the court is directed to send to Plaintiff the Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

3.     A separate judgment will be entered in accordance with this memorandum and order.

January 28, 2008.                      BY THE COURT:

 

                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge